# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Sabrina Clark, on behalf of herself and a class of those similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>Wells Fargo Financial, Inc. and Wells Fargo Financial North Carolina, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and DOES 1-50,<br><br>　　　　　　　　Defendants. | 08-cv-00343 UA-WWD |

---

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COLLECTIVE ACTION AND CLASS ACTION CLAIMS OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION

---

## I.　　INTRODUCTION

Defendants' Motion to Dismiss Collective Action and Class Action Claims (hereafter "Motion") contends Plaintiff Clark's class claims have been previously litigated and determined, suggesting that Plaintiff files this action to make an end-run around another court's order. Nothing could be further from the truth. Indeed, Plaintiff filed this suit to comply with an order by Judge Susan Illston, of the Northern District of California, in <u>Castle, et al. v. Wells Fargo Financial, et al.</u>, Case No. 3:06-cv-4347 (SI) (hereafter, "<u>Castle</u>"), who denied the plaintiffs' motion to certify a nationwide collective action under 29 U.S.C. §216(b) of the Fair Labor Standards Act (FLSA) on February 20, 2008. <u>Castle</u>, Dkt. #240

1

(Motion at Exh. H, hereafter, "Order"). Judge Illston's Order denying nationwide certification noted that the plaintiffs' evidence, if credited by the trier of fact, demonstrates "strong FLSA claims and [that plaintiffs] are likely to prevail on an individual basis." Order at p. 5. Judge Illston further noted that the plaintiffs' evidence might suggest "**differing 'policies' or practices depending on the branch or the district**, rather than on a nationwide basis." (emph. added). Order at p. 5. Plaintiff Clark, in this action, following Judge Illston's guidance, seeks to assert management-chain specific claims which are more locally-focused than the original, nationwide action that different plaintiffs sought. After Judge Illston's order, Plaintiffs do not seek a "second bite at the apple," i.e., to certify a nationwide class in this case, but seek to hone in on the unlawful practices discussed by Judge Illston in her order.

Defendants' Motion seeks a preclusive effect that greatly exceeds the scope of Judge Illston's order. Contrary to Defendants' representations, Judge Illston did not make any ruling as to the propriety of the classes indicated in the complaint here, which are management-chain-specific, North Carolina-only FLSA and Rule 23 classes. Nor could such a ruling have been necessary to her decision, given that no motion for certification of a management-chain-specific, North Carolina-only class was before her. The named Plaintiff here (Clark) was not a named plaintiff in <u>Castle</u>, and Judge Illston did not consider any evidence in her decision specifically from plaintiffs or other witnesses in North Carolina. Since the propriety of certifying management-chain-specific, North Carolina-based FLSA and Rule 23

classes in this case has never been "actually and necessarily" decided by Judge Illston or any other court, the Court cannot apply issue preclusion in this case. Defendants' Motion must be denied.

## II.    STATEMENT OF FACTS

The action in Castle was filed on July 17, 2006, in the Northern District of California. See Motion, Exh. A. The Castle plaintiffs brought claims for unpaid overtime under the FLSA and sought to certify a nationwide collective action class of credit managers and assistant managers, later amended to include senior credit managers and loan processors. See Motion, Exhs. A, E.

On October 3, 2007, the Castle plaintiffs filed for conditional certification of the nationwide FLSA collective action class of "[a]ll persons who have been employed by Defendant as a credit manager, senior credit manager, assistant manager, or loan processor within the United States at any time three years prior to the filing of this Complaint, to the final disposition of this case." See Motion, Ex. E.   According to the Castle defendants, the proposed class included approximately 14,000 individuals. Order at 2. The Castle plaintiffs supported their motion with 24 declarations from plaintiffs who had worked in eight of the 48 states with Wells Fargo branches – not including any declarations from North Carolina. Order at 2; Declaration of Bryan Schwartz.

On February 20, 2008, the District Court denied conditional certification of the Castle plaintiffs' proposed nationwide class. Order at 1.  In ruling for the defendants, the court quoted excerpts from nine of the plaintiffs' declarations, and

noted that "[i]f these plaintiffs are able to prove these assertions, as a matter of fact, they each have strong FLSA claims and are likely to prevail on an individual basis." Order at 5. The court concluded, however, that "plaintiffs have not identified any company-wide policy or practice to deny overtime and thus have failed to show that the various Wells Fargo employees are similarly situated for purposes of class certification." Order at 5.

In reaching this conclusion, Judge Illston specifically compared and contrasted the declarations of individuals who worked in California, Texas, and Nevada. Order at 3-5; Schwartz Dec. In the Order, the court commented that, "At the most, plaintiffs' evidence suggests differing 'policies' or practices depending on the branch or the district, rather than on a nationwide basis." Order at 5. Judge Illston relied exclusively upon findings as to whether the Castle plaintiffs were similarly-situated enough around the country to warrant FLSA conditional certification of a class including all credit managers, assistant managers, senior credit managers, and loan processors company-wide – the only question before her.

After the court denied certification of the nationwide collective action class, the plaintiffs in Castle filed an amended complaint eliminating their FLSA overtime claims and certain Rule 23 California law claims, focusing on Rule 23 California law claims relating to denied meal and rest period premiums. Plaintiff Clark has since filed this action seeking certification of management-chain-specific, North Carolina-only FLSA collective action and Rule 23 classes, while

others who opted-into the <u>Castle</u> action have filed similar, much-narrowed suits in other locations.

## III.   QUESTION PRESENTED

Whether Judge Illston's ruling in <u>Castle</u> bars Plaintiff Clark's claims under the FLSA and the North Carolina Wage and Hour Act on the grounds of collateral estoppel.

## IV.   ARGUMENT

### A.   <u>**Collateral Estoppel Does Not Bar Plaintiff's FLSA Collective Action or Rule 23 Class Claims**</u>.

Collateral estoppel applies only if the party seeking it shows all of the following elements: (1) the issue in question was identical to an issue actually litigated in the earlier suit; (2) the issue was necessary to the judgment; (3) the prior action resulted in a final judgment on the merits, and (4) the present parties are the same as, or in privity with, the parties to the earlier action. <u>Sartin v. Macik</u>, 535 F.3d 284, 288 (4th Cir. 2008). The party invoking estoppel has the burden of proving these four elements. <u>In re Duncan</u>, 448 F.3d 725, 728 (4th Cir. 2006). Issue preclusion is appropriate where a court has "actually and necessarily determined" an issue in earlier litigation between the same parties. <u>Montana v. United States</u>, 440 U.S. 147, 153, <u>99 S.Ct. 970, 59 L.Ed.2d 210 (1979)</u>; <u>Collins v. Pond Creek Mining Co.</u>, 468 F.3d 213, 217 (4th Cir. 2006).

Here, Defendants fail to satisfy each requirement of their burden to demonstrate issue preclusion.

5

1.   **The parties never actually litigated the propriety of a management-chain-specific, North Carolina-based collective action or Rule 23 class.**

Defendants' motion boils down to a contention that Judge Illston would have ruled against Plaintiff if Plaintiff had proposed management-chain-specific, North Carolina-only FLSA collective action and Rule 23 classes, rather than the proposed nationwide class definition that was actually before her in <u>Castle</u>.[1] However, collateral estoppel does not bar parties from litigating an issue merely because a judge probably would have ruled a certain way if she had actually reached that issue in an earlier case.

Even if Defendants could show that Judge Illston likely would have refused to certify management-chain-specific, North Carolina-based classes in <u>Castle</u> (which seems contrary to her Order at p. 5), such a showing would not be sufficient to trigger issue preclusion, since the issue was never raised and litigated. The <u>Castle</u> court did not "actually and necessarily" reach this issue. The class in <u>Castle</u> was defined differently: to wit, as a nationwide class. That court never contemplated the narrower classes sought here.

2.   **To reject the certification of plaintiffs' desired nationwide class in <u>Castle</u>, Judge Illston did not need to decide whether a management-chain-specific, North-Carolina-based collective action or Rule 23 class was appropriate.**

---

[1] Defendants attempt to make an issue of the fact that plaintiffs voluntarily dismissed its FLSA overtime claims and their Rule 23 California law overtime claims in <u>Castle</u>, and that plaintiffs supposedly conceded that Judge Illston would likely have ruled against them on a hypothetical statewide class, but these facts are irrelevant to this Court's analysis. The question here is only whether the propriety of the class Ms. Clark seeks here was "actually and necessarily decided" in <u>Castle</u>.

Even if Judge Illston had made explicit findings regarding the propriety of North Carolina-only, management-chain-specific FLSA collective action and Rule 23 classes, these holdings would have no preclusive effect, since the viability of such classes was not an issue "necessarily" before the court. Montana, 440 U.S. at 153; see also Sartin, 535 at 288. In Castle, the only issue before Judge Illston was whether the plaintiffs' proposed nationwide FLSA collective action class of approximately 14,000 individuals was similarly situated under 29 USC § 216(b). Order at 2. Plaintiffs proposed no alternative state-specific or management-chain-specific classes or subclasses. Motion, at Exh. E, p. 16. Therefore, the only finding necessary to ruling on the Castle plaintiffs' motion was Judge Illston's conclusion, regarding their proposed nationwide class, that the "plaintiffs have not identified any **company-wide** policy or practice to deny overtime and thus have failed to show that the various Wells Fargo employees are similarly situated for purposes of class certification." (emph. added) Order at 5.

3.      **In Castle, there was never a final judgment as to the issue of conditional certification of management-chain-specific, North Carolina-based collective action or Rule 23 class.**

Judge Illston did not reach a final judgment on the merits as to the propriety of management-chain-specific, North Carolina-only FLSA collective action, or a Rule 23 class, both of which were never litigated. Montana, 440 U.S. at 153. Judge Illston noted in her order that "Plaintiffs have not identified a common policy or practice on a nationwide or statewide basis." However, this statement, when taken in context with her next sentence ("Instead, plaintiffs alleged that they

7

have been denied overtime pay for 'off the clock' hours under a variety of different circumstances"), was merely a description of Plaintiff's theory of liability, paving the way for the court's substantive discussion that followed. Order at 3. That is, Judge Illston's statement regarding "statewide" practices was not a substantive finding at all.

Nor is there any indication in this sentence regarding "statewide" practices, or in the context in which it appears, that Judge Illston intended to make a finding with respect to claims in the State of North Carolina. Indeed, such is all but impossible, since she had no evidence specifically regarding practices in this state before her. Schwartz Dec. In that order, Judge Illston discussed situational differences between the declarations of a handful of plaintiffs – not including Ms. Clark – working in three different states, but her refusal to certify a nationwide class does not necessarily say anything about whether any subset of plaintiffs may be similarly-situated.

A finding of preclusion cannot rest on such ambiguous, generalized observations as "Plaintiffs have not identified a common policy or practice on a nationwide or statewide basis." Order at 3, 5. See Board of Ed. of Oklahoma City Pub. Schools v. Dowell, 498 U.S. 237, 245-46, 111 S.Ct. 630, 112 L.Ed.2d 715 (1991) (finding earlier decision too unclear to preclude relitigation); Wright & Miller, Federal Practice and Procedure § 4420 at 184 (2008) (an "opaque judgment fails to preclude relitigation"). Given that Judge Illston made no explicit,

8

management-chain-specific, North Carolina-based findings, her Order is incapable of supporting the broad issue preclusion effect Defendants seeks to place on it.[2]

Plaintiff argues in the alternative that Judge Illston's ruling cannot, coming upon a conditional certification motion, be the basis of claim preclusion under any circumstances. Because conditional certification is inherently conditional – i.e., not "a final judgment" – and because it is a procedural mechanism, for the Court's convenience – not a decision "on the merits" – Judge Illston's conditional certification order is inherently inappropriate as a basis for issue preclusion. Here, Judge Illston's Order does not even address the same issue as that for which Defendants seek its preclusive effect, so this Court need not reach the question of whether a conditional certification ruling under §216(b) could ever be the basis for collateral estoppel.

### 4. Plaintiff Clark was an opt-in, but not a named plaintiff in <u>Castle</u>, and privity does not exist between the <u>Castle</u> and <u>Clark</u> plaintiffs.

Plaintiff Clark, while represented by the <u>Castle</u> counsel (the undersigned), has never previously moved for certification against Wells Fargo Financial. She

---

[2] Judge Illston's ruling in <u>Castle</u> comported with principles of judicial restraint and did not purport to address issues not actually and necessarily before the court. <u>See</u> <u>Air Courier Conference of America v. American Postal Workers Union AFL-CIO</u>, 498 U.S. 517, 531-32 (1991) (Stevens, J., concurring) ("Faithful adherence to the doctrine of judicial restraint provides a fully adequate justification for deciding this case on the best and narrowest ground available."). For example, Judge Illston in her opinion acknowledged this longstanding doctrine dictating that a judge must avoid ruling on issues not actually and necessarily at issue, when she stated: "Defendant has submitted numerous declarations contradicting plaintiffs' declarations. To resolve the instant motion, the court need not resolve these factual disputes, and indeed it would be inappropriate to do so." Order at 3, fn3.

has never had any evidence relating to herself or her managers considered by any court. Schwartz Dec. Nor does privity bind Plaintiff Clark to the <u>Castle</u> plaintiffs.

Defendants cite <u>In re Bridgestone/Firestone, Inc., Tires Products</u>, 333 F.3d 763 (7th Cir. 2003) (Bridgestone II) for the proposition that "[c]ourts have found privity exists between named plaintiffs in class actions and those putative class members that they seek to represent, even if a class has not been certified." (Def. Motion at 10). However, that case is distinguishable from the present case. In <u>Bridgestone II</u>, after the denial of nationwide certification by the federal courts, the plaintiffs sought to certify the same <u>nationwide</u> class in five state courts. <u>Bridgestone II</u>, 333 F.3d at 756. In contrast, "sufficient commonality of interest" does not bind Plaintiff Clark to the <u>Castle</u> plaintiffs because the latter were seeking evidence related to nationwide company policies. <u>Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency</u>, 322 F.3d 1064, 1081 (9th Cir. 2003). Here, in contrast, Plaintiff raises claims regarding Wells Fargo's specific company practices only at North Carolina-based branches under the same managers.

Since Defendants have failed to show any of the elements of collateral estoppel, the Court should deny Defendants' Motion.

**B.** **The Collateral Estoppel Which Applies to Judge Illston's Tolling Order Contrasts With the Issue Preclusion Defendants Seek Here.**

Defendants' Motion contends that "Plaintiff admits that the decisions of the Court in <u>Castle</u> have 'preclusive, collateral estoppel effect here,' so that she may take advantage of a prior tolling order by the <u>Castle</u> Court." Motion at 6. Indeed,

Judge Illston's tolling order provides a perfect contrast, in terms of issue preclusion, with the collateral estoppel that Defendants seek with their instant Motion.

In Castle, the parties litigated, and the court addressed, how tolling should apply to all opt-in plaintiffs and all putative class members who did not opt-into that case – specifically intended to impact Plaintiff Clark and many members of the putative collective classes sought here. Castle, Dkt. #271 (June 20, 2008) (attached for the Court's convenience as **Exhibit 1**); Schwartz Dec. At the time of her order regarding equitable tolling, Judge Illston was aware that the former Castle plaintiffs were refiling suits nationwide, and her equitable tolling order addressed how tolling should apply to all those individuals, like Ms. Clark, and the putative classes they were seeking to represent.

On the contrary, because the Castle plaintiffs did not – after nationwide certification was denied – litigate and seek certification of management-chain-specific, state-specific classes before Judge Illston, she never had occasion to rule on whether such narrower classes should be certified. As such, though Judge Illston's tolling order has a clear, preclusive effect here as to the timeliness of Plaintiff Clark's and other putative class members' claims, her Order denying nationwide conditional certification does not – inasmuch as Plaintiff Clark is not seeking nationwide conditional certification.

11

**C. Each of the Cases Defendants Cite in Support of Their Motion Is Distinguishable, Because in Each, a Previous Court Had "Actually and Necessarily" Decided the Issue in Question.**

Since Judge Illston did not "actually and necessarily determine" the propriety of a management-chain-specific, North Carolina-only class, none of the cases cited by Defendants are on point. Each of Defendants' cases involves a situation in which plaintiffs sought to relitigate an issue that had been "actually and necessarily determined" by a previous court.[3]

In Alvarez, the proposed and already-adjudicated classes concerned the same alleged misconduct, encompassed the same time period, and sought to represent the exact same classes of employees. Alvarez v. May Dep't Stores Co. 143 Cal. App. 4th 1223, 1237 (2006). The only difference between the new proposed class and the proposed class in the original action was the named plaintiff. Id. at 1238. The court reasoned that public policy supported issue preclusion, because in the resolution the Alvarez plaintiffs sought, "the losing class plaintiff could merely insert the name of a different individual to be the potential class representative," and continue with "a string of unsuccessful lawsuits." Id. at 1240. Because Plaintiff Clark does not seek certification of the same class as in Castle, the Alvarez holding is inapposite.

Similar to Alvarez, in Scarvey v. First Fed. S&L Ass'n of Charlotte, 146 N.C. App. 33, 38-39 (2001), the plaintiff brought a class action in state court

---

[3] To the extent that language in these opinions, quoted in isolation, may appear to establish a standard for issue preclusion looser than the standard established by the Fourth Circuit and the U.S. Supreme Court, such language should not control here.

alleging claims and seeking to certify a class identical to what was sought in an earlier state court action. Id. The court found that the plaintiffs from the second case were collaterally estopped from seeking class certification. Id. at 38. Unlike in Scarvey, in the instant matter, the case heard in Castle was a nationwide class action, not a North Carolina-based, management-chain-specific class, so the identical issue has not been previously litigated and decided by a different court.

In Frosini, an unpublished case from the Central District of California, the plaintiffs had moved in state court for certification of two classes: a national class bringing various common law product liability claims, and a class of California consumer residents only bringing claims under state consumer protection laws, both in relation to tire failures due to an allegedly defective design. Frosini v. Bridgestone Firestone North American Tires, LLC, 2007 WL 2781656, *1 (C.D. Cal.) (attached for the Court's convenience as **Exhibit 2**); Schwartz Dec. After the state courts denied final, Rule 23 certification,[4] holding that individual issues predominated – even after the plaintiffs appealed – the plaintiffs sought certification of identical claims on behalf of the same class in federal court. Id. at **1-2 ("The class sought to be represented in this action is identical to that sought to be represented in [the earlier action]."). The Central District held that the plaintiffs' claims were barred since resolution of the same issues was necessary to the California courts' decisions.  Id. at * 10. Unlike in the instant case, the court

---

[4] Frosini  did not involve conditional, FLSA certification, but a final decision by a state appellate court denying Rule 23 certification– see supra Section IV.A.3, regarding the inapplicability of issue preclusion to a conditional certification ruling.

held issue preclusion was warranted in <u>Frosini</u> because the first court had "expressly considered and rejected the option of certifying a state-wide class comprised of California residents" (<u>id.</u> at **6, 9) which plaintiffs sought in the second action. Judge Illston, in this case, did not consider and reject the management-chain-specific, North Carolina-specific classes sought here.

The decision in <u>Myers v. Hertz Corp.</u>, related not to a motion to dismiss, but to plaintiffs' Rule 23 motion, which has vastly different standards. 2007 WL 2126264, **1-2 (E.D.N.Y.) (attached for the Court's convenience as **Exhibit 1**); Schwartz Dec. That was a misclassification case. The court denied plaintiffs' motion, after a court previously denied FLSA conditional certification in another case. The first court's conditional certification decision occurred after summary judgment was denied and the first court gave "extensive consideration on the summary judgment motion of the factors used in determining whether an employee's duties render her exempt under the FLSA." <u>Id.</u> The <u>Myers</u> plaintiffs, in their second action, did not redefine the class to be management-chain-specific, as Plaintiff Clark has done here.

**D.** <u>**The Bridgestone Case Supports Plaintiff's Position in Opposition to Defendants' Motion to Dismiss.**</u>

Defendants' cited case of <u>In re Bridgestone/Firestone, Inc., Tires Products</u>, 333 F.3d 763 (7th Cir. 2003) (<u>Bridgestone II</u>), supports Plaintiff's position that the Court must deny the Motion to Dismiss. In <u>Bridgestone II</u>, the plaintiffs sought to certify the same **<u>nationwide</u>** class in five state courts. The Seventh Circuit took the

unusually broad measure of granting the defendants' request for an injunction prohibiting any court anywhere from certifying a nationwide class, based on the Seventh Circuit's definitive resolution of this issue In re Bridgestone/Firestone, Inc., Tires Products, 288 F.3d 1012 (7th Cir. 2002) (Bridgestone I). Bridgestone II at 766. The court in Bridgestone II explicitly noted that state-by-state class actions could not be precluded, however, noting that "the only classes that had been certified [prior to Bridgestone I] had national scope, and the only judgment that could be protected or effectuated is one concerning such [nationwide] classes." (emph. in original) Id.

The Seventh Circuit's holding in Bridgestone II that Bridgestone I could not have preclusive effect against state-specific class actions came notwithstanding the fact that Bridgestone I found, in no uncertain terms, "[l]est we soon see a Rule 23(f) petition to review the certification of 50 state classes, we add that this litigation is not manageable as a class action even on a statewide basis." Bridgestone I, 288 F.3d at 1018. The Seventh Circuit explained that because only the issue of nationwide certification was before the court in Bridgestone I, its assessment that state classes were untenable "did not become part of our judgment." Bridgestone II, 333 F.3d at 766. The Seventh Circuit intended its injunction to combat the evil of what it saw as plaintiffs' strategy of "filing in as many courts as necessary until a nationwide class comes into being and persists," creating a situation in which "plaintiffs can roll the dice as many times as they

please" until "nationwide class certification sticks… perpetuating an asymmetric system in which class counsel can win but never lose." <u>Id.</u> at 766-67.

Unlike the plaintiffs in <u>Bridgestone</u>, Plaintiff in this case does not ask this court to revisit the ruling of Judge Illston on any issue. Judge Illston considered and decided only the propriety of a nationwide FLSA collective action, and no statement she made regarding a statewide action can be given preclusive effect. No court has "actually and necessarily determined" the propriety of management-chain-specific, North Carolina-specific FLSA and Rule 23 classes. Undersigned counsel are not seeking to perpetuate an "asymmetric" system where plaintiffs win but cannot lose. Plaintiff acknowledges that the <u>Castle</u> plaintiffs **did** lose nationwide certification. Without knowing the exact numbers of putative class members, Plaintiff Clark believes that her proposed classes are much smaller than the nationwide class consisting of over 14,000 putative members. Schwartz Dec.

### E. <u>Policy Considerations Require the Court to Deny Defendants' Motion.</u>

Defendants' policy arguments presuppose that Plaintiff Clark is seeking the same class already denied by Judge Illston – but, in fact, Plaintiff Clark is not seeking a nationwide FLSA collective class. The policy considerations cited by Defendants – "judicial economy, accuracy, and fairness" (Motion at 14) – actually prevent dismissal based upon issue preclusion, and will ultimately favor certification here.

16

Defendant asserts: "Specifically, the doctrine of collateral estoppel is designed to 'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" Motion at 9, citing <u>Allen v. McCurry</u>, 449 U.S. 90, 94; 101 S. Ct. 411 (1980). Defendant could not have cited a more apropos justification for why conditional class certification in this FLSA matter will ultimately be imperative, i.e., to prevent burdensome litigation and conserve judicial resources that will be wasted if North Carolina putative class members under the same managers must bring dozens of separate cases, and to prevent inconsistent decisions regarding Wells Fargo Financial's overtime policies and practices under the relevant management chain. 29 U.S.C. §216(b); <u>Hoffman-La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 169-170 (1989); <u>Culver v. Bell & Loffland, Inc.</u>, 146 F.2d 29, 31 (9th Cir. 1944) (noting interests of judicial economy and avoidance of multiplicity of suits).

Moreover, as to accuracy and fairness, Due Process prohibits dismissal of Ms. Clark's management-chain, North Carolina-specific class claims simply because a court in California found that a nationwide class was inappropriate in a suit brought by different lead plaintiffs. <u>McCurry</u>, 449 U.S. at 95. Ms. Clark has not had a full and fair opportunity to litigate the class issues as she has defined them. <u>Id.</u>

Major corporations like Defendants would, transparently, like to see as few employees as possible step forward and be included, to limit the companies'

17

liability. As such, Defendants would like to make the result of one conditional certification motion in a wage case prevent all class motions by other employees nationwide in any wage case, regardless of how their putative classes are defined.[5] However, the FLSA is meant to provide strong protection to employees, and the collective class mechanism is a crucial piece of this enforcement scheme. Hoffman-LaRoche, 493 U.S. at 165; Barrentine v. Arkansas-Best Freight System, 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (FLSA rights unwaivable because it is important to protect against the "evil of overwork"). If all class rights were so easily abandoned, then employees in the workforce would, among other difficulties: be more vulnerable to the reprisal that can occur when employees proceed individually; have difficulty securing legal representation for their small individual claims; and generally be given a disincentive from seeking to vindicate their rights, with only relatively small claims at stake in costly and lengthy litigation. See generally, for a discussion regarding the value of class litigation, Gentry v. Superior Court, 42 Cal.4th 443, 456 (2007).

Since Judge Illston's ruling did not foreclose the possibility that a management-chain-specific, North Carolina-only class might be similarly situated under 29 USC §216(b) or Rule 23, these issues have not yet been settled. The Court should therefore allow the parties to litigate this case.

## V. **CONCLUSION**

---

[5] Defendants previously sought claim preclusion against the nationwide plaintiffs in Castle based upon a failed case brought by several employees in Oklahoma. Schwartz Dec.

In light of the foregoing, Plaintiff Clark respectfully requests that the Court deny Defendants' Motion.


Dated: 9.10.08                          s/Bryan J. Schwartz_____
                                        Bryan J. Schwartz, CA State Bar No. 209903
                                        NICHOLS KASTER, LLP
                                        (admitted pro hac vice)
                                        One Embarcadero Center
                                        Ste. 720
                                        San Francisco, CA 94111

                                        Donald H. Nichols (MN State Bar No. 78918)
                                        (admitted pro hac vice)
                                        Paul J. Lukas (MN State Bar No. 22084X)
                                        (admitted pro hac vice)
                                        NICHOLS KASTER, PLLP
                                        4600 IDS Center
                                        80 S. 8th Street
                                        Minneapolis, MN 55402

                                        Margaret Rowlett (NC State Bar No. 17579)
                                        margaretrowlett@earthlink.net
                                        SMITH, JAMES, ROWLETT & COHEN, LLP
                                        P.O. Box 990
                                        Greensboro, NC 27402-0990
                                        Telephone: 336-274-2992
                                        Facsimile: 336-274-8490


                                        Attorneys for Plaintiffs and the Putative Class

**<u>ADDENDUM TO MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS COLLECTIVE ACTION AND CLASS ACTION CLAIMS
OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION</u>**

Pursuant to Local Rule 7.2(c) of the Middle District of North Carolina, attached

hereto is a true and correct copy of the following unpublished decisions:

1. *Frosini v. Bridgestone Firestone North American Tires, LLC,* 2007 WL
   2781656, *1 (C.D. Cal.)

2. *Myers v. Hertz Corp.,* 2007 WL 2126264, **1-2 (E.D.N.Y.)

# CERTIFICATE OF SERVICE
## Clark, et al. v. Wells Fargo Financial, Inc. et al.

I hereby certify that on September 10, 2008, I caused the following document(s):

**Plaintiffs' Opposition to Defendants' Motion to Dismiss Collective Action and Class Action Claims or, in the Alternative, for Summary Adjudication** and related **Addendum**

to be served via email and/or ECF to the following:

Justin D. Howard
NC State Bar No. 31592
jhoward@mcguirewoods.com
McGuire Woods LLP
2600 Two Hannover Square
Raleigh, NC 27601

Joan B. Tucker Fife
Jennifer W. Garber
jfife@winston.com
jgarber@winston.com
Winston & Strawn LLP
101 California Street, Suite 3900
San Francisco, CA  94111-5802

Jessie A. Kohler
jkohler@winston.com
Winston & Strawn LLP
333 South Grand Ave
Los Angeles, CA  90071-1543

| | |
|---|---|
| Dated:  September 10, 2008 | NICHOLS KASTER, LLP |

s/ Bryan J. Schwartz
_____
Bryan J. Schwartz, CA State Bar No. 209903
NICHOLS KASTER, LLP
One Embarcadero Center, Ste. 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

ATTORNEYS FOR PLAINTIFFS AND
THE PUTATIVE CLASS