IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| Sabrina Clark, on behalf of herself and a class of those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | CASE NO. 1:08-CV-00343 |
| Wells Fargo Financial, Inc., and Wells Fargo Financial North Carolina, Inc. d/b/a Wells Fargo Financial and Wells Fargo Financial Acceptance, and DOES 1-50, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COLLECTIVE ACTION AND CLASS ACTION CLAIMS OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION**

## I.  INTRODUCTION

Another Federal District Court in the Ninth Circuit has ruled on the same issue presented by defendants Wells Fargo Financial, Inc. and Wells Fargo Financial North Carolina, Inc.'s (collectively, "Wells Fargo") Motion to Dismiss. Specifically, the Honorable Judge Illston of the Northern District of California found that a putative class of Wells Fargo credit managers, senior credit managers, assistant managers, and loan processors, including named plaintiff Sabrina Clark ("Plaintiff"), are not "similarly situated" to each other and that the resolution of their overtime claims requires "individualized determinations." The Court not only actually and necessarily decided the issue, but repeated its findings several times throughout its Order. As a matter of law, the *Castle* Court's order forecloses the possibility that the putative class alleged in the present action can be certified by another Court under the Fair Labor Standard Act ("FLSA") or that a state law claim can be certified under the more stringent Rule 23

1

standard.

Although Wells Fargo does not dispute that that the Court in *Castle v. Wells Fargo Financial, Inc.* made its ruling in the context of a nationwide collective class action, issue preclusion (also known as "collateral estoppel") bars relitigation of an issue of fact or law even in other lawsuits. Moreover, Courts have applied issue preclusion to dismiss class action allegations even when the original class certification denial applied to a broader putative class. Because the *Castle* Court already has ruled that Plaintiff and putative class members in this case are not similarly situated to one another, Plaintiff's collective class allegations under the FLSA and her state class action allegations Rule 23 standard must be dismissed or summarily adjudicated. Nothing in this ruling would preclude Plaintiff from pursuing her individual overtime claims. More importantly, such a decision would discourage the procedural maneuvering evident here, where, unhappy with one Court's decision, Plaintiff's counsel chooses to file seventeen duplicative law suits around the country seeking a different result on the same issue.

## II. ARGUMENT

### A. Plaintiff Has Conceded That the Court's Orders in *Castle* Have "Preclusive, Collateral Estoppel Effect Here."

In her Complaint, Plaintiff specifically asserts that decisions by the *Castle* Court have "preclusive, collateral estoppel effect" in this case. (Complaint, 3:21-22 n.1.) Plaintiff does so in order to take advantage of a prior tolling order by the *Castle* Court regarding FLSA claims. *Id*. In fact, if the *Castle* court's tolling order were not given preclusive effect in the present litigation, Plaintiff's claims against Wells Fargo likely would be barred by the applicable statute of limitations. Specifically, Plaintiff's employment with Wells Fargo terminated on or before approximately December 2005 (Complaint, 4:14-15), and she filed her Complaint in this case almost two and a half years later, on May 22, 2008. Thus, unless Plaintiff can demonstrate that any violation of

2

the FLSA by Wells Fargo was willful, the statute of limitations for her FLSA claim is two years and her claim would be barred. 29 U.S.C. § 255(a).

Plaintiff cannot take advantage of the *Castle* Court's decisions when they serve to benefit her, and, at the same time, argue that other decisions made by the same Court are not binding in the present action. "In certain circumstances a party may properly be precluded as a matter of law from adopting a legal position in conflict with one earlier taken in the same or related litigation." *See Allen v. Zurich Ins. Co.*, 667 F.2d 1162, 1166 (4th Cir. 1982) (stating: "'Judicial estoppel' is invoked . . . to prevent the party from 'playing fast and loose' with the courts, and to protect the essential integrity of the judicial process."). Plaintiff has admitted that the *Castle* Court's orders are binding in this case, and, accordingly, the Order denying Plaintiff's Motion for Conditional Certification of an FLSA collective action should be given preclusive effect.

**B.   Issue Preclusion Applies Because the *Castle* Court Actually and Necessarily Decided the Identical Issue Regarding Whether the Plaintiffs Are "Similarly Situated."**

Plaintiff's suggestion that for issue preclusion to apply here, Wells Fargo must show that the *Castle* Court specifically ruled on the propriety of a North Carolina-only FLSA collective action is contrary to law. *See Frosini v. Bridgestone Firestone North American Tire*, LLC, 2007 WL 2781656, *11 (C.D. Cal. August 24, 2007) (finding that the doctrine of collateral estoppel bars a plaintiff from relitigating whether a proposed class can be certified, even where the plaintiffs have narrowed the proposed class definition.); *Myers v. Hertz Corp.*, 2007 WL 2126264, *4 (E.D.N.Y. July 24, 2007) (the district court's finding that individualized proof was necessary to determine FLSA claims was "*as detrimental to plaintiffs' state-wide class* claim as it was to their [nationwide] FLSA collective action claim" and could not be cured, either by discovery or by narrowing the class) (emphasis added). Wells Fargo properly relies on the *Castle* Court's

3

conclusive factual and legal determinations that a putative class of credit managers, senior credit managers, assistant managers, and loan processors is not "similarly situated" to each other and that "individual issues predominate". *See*, *e.g.*, *Dias v. Elique*, 2008 WL 1913358, *2 (9th Cir. April 30, 2008) (another court's prior factual and legal determination precluded plaintiffs' separate tort claims before the district court because it "directly controverted" facts that plaintiffs would have to prove to entitle them to relief).

After significant briefing and the submission of numerous declarations by the *Castle* Plaintiffs and Wells Fargo, the *Castle* Court decided that the plaintiffs and putative class members, including the named-Plaintiff in this case, were not "similarly situated" to one another, and thus, on that basis, an overtime collective action could not be certified. In ruling on the conditional certification motion, the *Castle* Court made unequivocal findings to support that position. After examining the evidence, the Court (1) clearly stated that the *Castle* Plaintiffs had not identified a common policy or practice to deny overtime pay on a nationwide or statewide basis; and (2) presented a side-by-side comparison of class members' declarations reporting varying circumstances under which they were allegedly denied overtime. (RJN, Ex. H, 3:9-10, 3:14-5:17.)

Immediately following the side-by-side comparison of the declarants, the Court stated that "plaintiffs have failed to show that the various Wells Fargo employees are similarly situated for purposes of class certification." (*Id.* at 5:19-20.) 29 U.S.C. § 216(b) required the *Castle* Court to determine whether the *Castle* Plaintiffs and putative class, including the named Plaintiff here, were similarly situated to each other. The Court necessarily held that they were not, finding that individualized issues predominated their claims. Such a finding precludes relitigation of the issue of whether the Plaintiff and putative class members in this action are "similarly situated." *See Hinojos v. The Home Depot, Inc.*, No. 2:06-CV-00108, 2006 WL 3712944, at 134 (D. Nev. Dec. 1, 2006). (denying certification of an FLSA collective action, finding that the plaintiffs did "not

4

point to a common policy or practice on a nationwide, or even statewide, basis" and that "the need for individualized determinations to resolve the claims of each plaintiff" made the case unmanageable.)

### C. The *Castle* Court's Order Denying Conditional Certification Was A Final Order for the Purpose of Issue Preclusion.

The *Castle* Court's language stating that the *Castle* Plaintiffs were not "similarly situated" and that "individual issues predominate" was a final order, not mere surplusage as Plaintiff seems to imply. It was integral to the Court's finding that the *Castle* Plaintiffs had failed to carried their lenient burden under 29 U.S.C. § 216(b) of demonstrating that they were "similarly situated" such that notice could be sent to the class and their claims could be adjudicated on a collective action basis.

Nor was the Court's language accidental, "ambiguous," or "generalized," as Plaintiff also suggests. In ruling that the *Castle* Plaintiffs and the putative class were not similarly situated to each other, the Court explicitly set forth its findings that the alleged overtime claims would require individual determinations:

(1) "[T]he Court agrees" that "there are numerous individual issues that make certification inappropriate." (Defendants' Request for Judicial Notice ("RJN") (Docket No. 18), Ex. H, 3:8-9.)

(2) Plaintiffs' submitted declarations "describe a variety of factual situations giving rise to plaintiffs' claims such that individual issues predominate." (*Id.* at 3:25-28, n.3.)

(3) "Resolution of plaintiffs' claims would require individualized determinations. . . ." (*Id.* at 6:4-5.)

(4) "Plaintiffs' claims of altered time cards would similarly require class member-specific testimony and evidence regarding the circumstances surrounding the alterations, and defendant would be entitled to show that

5

any alterations were made for legitimate reasons, which could differ for each class member." (*Id.* at 6:7-10.)

In contrast to the cases Plaintiff relies upon to support her argument that unclear language in an order should not carry preclusive effect, the Court's language in *Castle* was unambiguous and intentional. *Cf. Catholic Social Svcs. v. I.N.S.* (9th Cir. 2000), 232 F.3d 1139, 1152 (finding earlier decision did not preclude relitigation of the issue because it was not clear that the Court intended to make the statement at issue and the statement made no sense); *Board of Educ. of Oklahoma City Public Schools v. Dowell*, 498 U.S. 237, 246 (1991) (finding earlier decision did not preclude relitigation because the prior court used a term with multiple uses; it was therefore unclear what the court meant by the word and what was the necessary result of that finding); *Connors v. Tanoma Mining Co.*, 953 F.2d 682, 685-86 (D.C. Cir. 1992) (finding earlier ruling relating to plain meaning of word used in a contract was unclear because Court relied on history of prior agreement rather than the more recent contract at issue).

Plaintiff's alternative argument, that orders denying motions for conditional certification lack preclusive effect, is also contrary to law. For issue preclusion or collateral estoppel, a "final judgment" includes *any* prior adjudication of an issue in another action that is determined to be "sufficiently firm to be accorded conclusive effect." *Restatement (Second) of Judgments* § 13 (1980); *In re Bridgestone/Firestone, Inc., Tires Products*, 333 F.3d 767 (7th Cir. 2003). "To be 'final' for [collateral estoppel] purposes, a decision need not possess 'finality' in the sense of 28 U.S.C. § 1291". *Luben Indus., Inc. v. United States,* 707 F.2d 1037, 1040 (9th Cir. 1983). Although class certification is considered procedural in nature, "the denial of class certification stands as an adjudication of one of the issues litigated." *Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 336, 100 S. Ct. 1166 (1980). Thus, denial of conditional certification and notice in *Castle* is sufficiently final for the purpose of issue preclusion in the present

6

action.

### D. Named-Plaintiff Clark Is In Privity With The *Castle* Plaintiffs.

Plaintiff's argument that no privity exists between herself and the *Castle* Plaintiffs because "[Plaintiff] has never previously moved for certification against Wells Fargo Financial" and "has never had any evidence relating to herself or her managers considered by any court" is disingenuous. Plaintiff is represented by the same counsel that represented the *Castle* plaintiffs and has the exact same interest as the plaintiffs in that case – to recover alleged unpaid overtime for herself and a putative class of credit managers, senior credit managers, assistant managers, and loan processors. *See United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980). Courts have found that privity exists between named plaintiffs in class actions and those putative class members that they seek to represent, even if a class has not been certified. *In re Bridgestone*, 333 F.3d 763. *See also Carol Scarvey v. First Fed. S&L Ass'n of Charlotte*, 2000 NCBC 2, *P14 (2000) ("Privity turns on whether a party's interests were represented in the prior action."); *Ruiz v. Commissioner of Dep't of Transp.*, 858 F.2d 898, 903 (2d Cir. 1988) ("although not conclusive on the issue of privity, the fact that the parties in [the previous litigation] and in this case had the same attorney in actions brought at about the same time is of 'singular significance' and was sufficient in establishing the identity of parties for the application of res judicata.") Unlike other applications of collateral estoppel, dismissing Plaintiff's collective action and Rule 23 class action allegations does not impact her ability to adjudicate her individual overtime claims – it simply prevents her from relitigating the class certification issue that already was decided by another court.

## III. CONCLUSION

For the foregoing reasons, Wells Fargo respectfully requests that the Court dismiss Plaintiff's overtime claims on behalf of the proposed collective and Rule 23 classes for

failure to state a claim or, in the alternative, summarily adjudicate those collective class allegations and Rule 23 class allegations in favor of Wells Fargo.

Respectfully submitted this 29th day of September, 2008.

/s/ Justin D. Howard
Justin D. Howard
NC State Bar No. 31592
Email: jhoward@mcguirewoods.com
McGuireWoods LLP
2600 Two Hannover Square
Raleigh, North Carolina 27601
Telephone: (919) 755-6600
Facsimile: (919) 755-6699

JOAN B. TUCKER FIFE
CA State Bar No. 144572
(admitted *pro hac vice*)
 email: jfife@winston.com
JENNIFER W. GARBER
CA State Bar No. 222096
(admitted *pro hac vice*)
 email: jgarber@winston.com
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111
Telephone: 415-591-1000
Facsimile: 415-591-1400

JESSIE A. KOHLER
CA State Bar No. 179363
(admitted *pro hac vice*)
 email: jkohler@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: 213-615-1700
Facsimile: 213-615-1750

*Attorneys for Defendants*

*WELLS FARGO FINANCIAL, INC. and
WELLS FARGO FINANCIAL NORTH
CAROLINA, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2008, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COLLECTIVE ACTION AND CLASS ACTION CLAIMS OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION** with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following opposing counsel of record:

    Margaret Rowlett
    Smith, James, Rowlett & Cohen, LLP
    Post Office Box 990
    Greensboro, North Carolina 7402-0990
    margaretrowlett@earthlink.net

    Bryan J. Schwartz
    Nichols Kaster & Anderson, LLP
    One Embarcadero Center, Suite 720
    San Francisco, California 94111

    Donald H. Nichols
    Paul J. Lukas
    Nichols Kaster & Anderson, PLLP
    4600 IDS Center
    80 S. 8th Street
    Minneapolis, Minnesota 55402

    *Attorneys for Plaintiffs*

                          /s/ Justin D. Howard

10

Case 1:08-cv-00343-NCT-WWD   Document 23   Filed 09/29/08   Page 10 of 10