IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENBORO DIVISION

Sabrina Clark, on behalf of herself and )
classes of those similarly situated, )
)
                     Plaintiff, )
)    Case No. 08-cv-00343 UA-WWD
   vs. )
)
Wells Fargo Financial, Inc. and Wells )
Fargo Financial North Carolina, Inc. d/b/a )
Wells Fargo Financial and Wells Fargo
Financial Acceptance, and DOES 1-50,
                     Defendants.

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STAY DEADLINE FOR FILING CLASS CERTIFICATION MOTION**

## I. INTRODUCTION

Plaintiff Clark has not deposed or otherwise conducted discovery with respect to a single member of her immediate management chain or any of her co-workers– to whom this case exclusively relates. As such, and for the reasons discussed in Plaintiff's Opposition to Defendant's Motion to Dismiss, Docket Number 20, Defendants' objections to Plaintiff's request for a stay of the ninety-day class certification filing deadline are baseless. In any event, Local Civil Rule 23.1(b) does not apply to Plaintiff's FLSA class allegations, which are not subject to Fed.R.Civ.P. 23, or Local Civil Rule 23.1, but subject to 29 U.S.C. §216(b).

1

As to both her Rule 23 state claims, and her FLSA claims, as Plaintiff Clark argues in her Opposition to Defendants' motion, the court's refusal to certify a nationwide class in Castle, et. al. v. Wells Fargo Financial, et. al., Case No. 3:06-cv-4347 (SI) (hereafter, "Castle"), says nothing about whether a North Carolina-only class, limited to the same immediate management chain as Plaintiff Clark, may be certified in this case. On the contrary, if anything, the Castle decision supports the need for discovery and certification here. Plaintiff Clark has had no opportunity to conduct discovery into issues specific to a North Carolina-only putative class and the specific, local management chain at issue; the discovery by the plaintiffs in Castle focused largely on issues central to those plaintiffs' motion to certify a nationwide Fair Labor Standards Act (hereafter "FLSA") class.

Accordingly, because she has had no opportunity to conduct relevant discovery, Plaintiff Clark respectfully requests that the Court grant her motion for a stay of the deadline for filing a class certification motion in this case.

## II. **BACKGROUND**

The action in Castle, filed on July 16, 2006, in the Northern District of California, brought claims for unpaid overtime under the FLSA and sought certification of a nationwide collective action class. Declaration of Bryan J. Schwartz. The court denied nationwide conditional class certification in that case. Id. Judge Illston, in that decision, found that the plaintiffs' evidence in that matter suggested they "had strong FLSA claims and are likely to prevail on an individual basis," and that it was possible that "differing

'policies' or practices depend[ed] on the branch or the district, rather than on a nationwide basis." Castle decision, at p. 5 (see Dkt. #14-9 in the instant case, filed 08/18/2008). Indeed, Wells Fargo argued in Castle that the court should deny nationwide certification because the evidence of overtime practices challenged was branch- and district-specific (Schwartz Dec.), but now argue that Plaintiff Clark should not be able to conduct any discovery regarding class issues at the branch and in the district where she worked. Because Plaintiff Clark has not had the opportunity to conduct discovery specific to a putative Rule 23 state law or FLSA collective action class based on Plaintiffs' "branch or district," she has requested a stay of the class certification filing deadline to give her the opportunity to conduct this more specific discovery.

Depending on the outcome of such discovery, Plaintiff Clark anticipates ultimately seeking certification of management-chain-specific, North Carolina-only FLSA collective action and Rule 23 classes. The parties stipulated that Defendants' could serve their answer or Rule 12 motion within 60 days of June 18, 2008. (See Waiver of Service of Summons, Dkt. #2, July 18, 2008) Defendants served their Motion to Dismiss on August 18, 2008, which is currently pending. (See Motion to Dismiss Collective Action and Class Action Claims, or in the Alternative, For Summary Adjudication, Dkt. #11, August 18, 2008). Awaiting the Court's ruling, thus far, the parties have conducted no discovery whatsoever. Schwartz Dec.

### III. STATEMENT OF QUESTION PRESENTED

This motion presents the question of whether the Court should stay the deadline for filing of a Rule 23 class certification motion until after Plaintiff Clark has had at least three months to conduct basic discovery relating to class certification issues, beginning the day after the parties meet and confer pursuant to Fed.R.Civ.P. 26.

IV. **ARGUMENT**

Defendants have no basis for their claim that "[n]o amount of time and no discovery will alter the effect of [Judge Illston's] ruling" (see Defendants' Opposition to Plaintiff's Motion to Stay Deadline for Filing Class Certification Motion, at p. 1), for the reasons laid out in Plaintiff's Opposition to Defendants' Motion to Dismiss. Plaintiff Clark hereby incorporates the arguments opposing Defendants' Motion to Dismiss here, to the extent that they may be relevant to the court's consideration of this motion. As Plaintiff Clark demonstrates in her Opposition to Defendants' Motion to Dismiss, the Castle court's refusal to certify a nationwide class says nothing about whether a North Carolina-only, management-chain-specific class may be certified in this case, and the Castle decision should have no relevance to the court's ruling on this Motion.

A. **The Discovery in *Castle* Focused on Defendants' Policies Nationwide.**

The plaintiffs' discovery efforts in Castle focused on issues central to the certification of the proposed nationwide class. These issues included no North Carolina-specific discovery which Plaintiff Clark must pursue in order to support a motion here for certification of the more regionally-focused classes. Plaintiff Clark has not had the

4

opportunity to conduct discovery into the North Carolina-only classes at issue in this case. Schwartz Dec.

**1. Defendants' 30(b)(6) witnesses were designated to speak on corporate-wide, not North Carolina-specific policies.**

The words "North Carolina" appear nowhere in any of the plaintiffs' 30(b)(6) deposition notices in Castle.[1] At the time those depositions were noticed, the Castle plaintiffs were seeking information to support only their motion for nationwide certification. Schwartz Dec. All of the plaintiffs' "questions relating to class certification issues" were at the nationwide level, rather than at the level of individual states or particular management chains, in accordance with plaintiffs' anticipated motion for nationwide certification.[2]

The only issues that could arguably be characterized as state-specific fell within the subject matter of "[i]nvestigations, complaints, inquiries, or communications by the Department of Labor or other governmental [sic], including state and federal agencies regarding Defendants' compensation practices," and "Defendant's efforts to comply with the Fair Labor Standards Act and other state wage and hour laws."[3] Even to the extent that these questions could be arguably state-specific, however, they were not directed at

---

[1] See Schwartz Dec., Exhibit A, Plaintiff's Amended Notice of Taking Deposition Pursuant to Rule 30(b)(6); Exhibit B, Plaintiff's Notice of Taking Deposition Pursuant to Fed.R.Civ.P. 30(b)(6) Regarding Class Certification Issues.
[2] See id.
[3] Id.

5

the State of North Carolina. Accordingly, none of the 30(b)(6) notices addressed any issues relating to a North Carolina-only, management-chain-specific class. Schwartz Dec.

Defendants acknowledge in their Opposition to Plaintiff's Motion to Stay that Teresa Swanson was designated to speak only on company-wide matters. Likewise, David Gaydos, the Regional Manager for the region including southern California and Hawaii, did not testify as a corporate witness regarding any North Carolina-specific issues. Schwartz Dec. On the contrary, his testimony was addressed to company-wide, nationwide issues listed in the plaintiffs' 30(b)(6) notices, subject to Defendants' objections on certain of these subjects. Id. Mr. Gaydos did not provide testimony regarding Plaintiff Clark, or her direct managers or co-workers. Id.

Ms. Hender's deposition was likewise limited to the issues contained in the plaintiffs' 30(b)(6) notice. The plaintiffs requested that the defendants produce a witness to speak broadly on Wells Fargo's "efforts to comply with the Fair Labor Standards Act and other state wage and hour laws,"[4] but never with respect to Wells Fargo's policies, practices, and procedures in North Carolina. Schwartz Dec. Ms. Hender gave no testimony specific to North Carolina or regarding Plaintiff Clark's direct managers or co-workers. Schwartz Dec. Accordingly, the plaintiffs were not prepared to and did not extensively question her on any topic specific to the instant case. Schwartz Dec.

Since the Castle plaintiffs did not question these witnesses regarding issues specific to the North Carolina-only and management-chain-specific classes sought in this

---

[4]See Exhibit A.

matter, Plaintiff Clark has not had prior opportunities to conduct depositions regarding the propriety of the classes sought in this matter. Accordingly, the court should disregard Defendants' objections and grant Plaintiff Clark's requested stay.

### 2. The plaintiffs' written discovery requests in <u>Castle</u> were broadly focused on defendants' corporate policies nationwide.

None of the <u>Castle</u> plaintiffs' interrogatories, requests for production, or requests for admissions, mention the word "North Carolina." Schwartz Dec. The written discovery requests in that case focused on Defendants' nationwide policies. <u>Id.</u> To the extent that they requested state-specific information at all, the requests never involved the State of North Carolina. <u>Id.</u>

### 3. The plaintiffs who were deposed in <u>Castle</u> testified primarily about Defendants' nationwide corporate policies.

None of the plaintiffs deposed in <u>Castle</u> worked in North Carolina. <u>Id.</u> None testified specifically about North Carolina. <u>Id.</u> None had firsthand knowledge of Defendants' policies and procedures in any of its North Carolina branches or any managers who managed in North Carolina. <u>Id.</u> Those plaintiffs spoke generally about Defendants' policies and procedures, and specifically only about Defendants' policies in other states.

### B. The Court Should Reject Defendants' Efforts to Short-Cut the Discovery Process Permitted by the Fourth Circuit and the Federal Rules of Civil Procedure.

Plaintiff Clark has not had a chance to conduct discovery targeted specifically at issues central to the North Carolina-only, management-chain-specific classes she seeks to

7

certify in this case. As courts in this Circuit have repeatedly held, Plaintiff's right to pursue discovery must be accorded "a broad and liberal treatment." Equal Employment Opportunity Com'n v. Sheffield Financial, LLC, 2007 WL 1726560, at *3 (N.D.N.C. June 13, 2007) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)); Mortgage Information Services, Inc. v. Kitchens, 210 F.R.D. 562, 566 (W.D.N.C. 2002). The Supreme Court has explained that "[f]or more than three centuries it has now been recognized as a fundamental maxim that the public ... has a right to every man's evidence." Jaffee v. Redmond, 518 U.S. 1, 8 (1996); Virmani v. Novant Health Inc., 259 F.3d 284, 287 (4th Cir. 2001). Consistent with this standard, the Federal Rules of Civil Procedure have established that Plaintiff Clark may obtain discovery regarding "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1).

Given that the different plaintiffs' discovery requests in Castle did not address Plaintiff Clark's discovery needs here – and could not have done so, since she was not a named plaintiff and did not act as a witness in that case – Plaintiff Clark should be allowed to engage in further discovery prior to filing her motion to certify the North Carolina-only, management-chain-specific putative classes. The Defendants' unsupported "cries of 'fishing expedition' [should] not be honored by this Court." Astell v. Smith, 112 F.R.D. 230, 231(W.D.N.C.1986). Plaintiff Clark requests that this Court issue a stay, rejecting Defendants' attempt to short-cut the processes envisioned by the 4th Circuit and Federal Rules.

8

## C. Local Rule 23.1 (b) Does Not Apply to Conditional Certification under the FLSA.

Local Rule 23.1 (b) concerns itself with class certification under Fed. R.Civ.P. 23 only, making no mention of the FLSA. The Rule states, "the plaintiff shall file a separate motion for a determination under Rule 23 (c)(1), Fed.R.Civ.P., as to whether the case may be maintained as a class action." Courts, "[u]nder the most basic canon of statutory construction, ... begin interpreting a statute by examining the literal and plain language of the statute." Markovski v. Gonzales, 486 F.3d 108, 110 (4th Cir. 2007) (quoting Carbon Fuel Co. v. USX Corp., 100 F.3d 1124, 1133 (4th Cir. 1996)). "The court's inquiry ends with the plain language as well, unless the language is ambiguous." Markovski, 486 F.3d at 110 (quoting United States v. Pressley, 359 F.3d 347, 349 (4th Cir. 2004)).

Because the 90 day deadline of Local Rule 23 (b)(1) unambiguously addresses only Rule 23 certification, the Court should find that the deadline does not apply to FLSA conditional certification. Thus, even if the Court deprives Plaintiff of the right to conduct discovery prior to filing for class certification under Fed.R.Civ.P. 23, her right to seek FLSA certification should remain unaffected.

## V. CONCLUSION

Plaintiff Clark respectfully requests that the Court grant her motion to stay the deadline for filing a class certification motion in this matter until after she has had at least three months to conduct basic discovery relating to class certification issues, beginning the day after the parties meet and confer pursuant to Fed.R.Civ.P. 26.

9

Dated: 9.29.08        s/Bryan J. Schwartz_____
NICHOLS KASTER, PLLP
Donald H. Nichols, MN Bar No. 78918*
Paul J. Lukas, MN Bar No. 22084X*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 218-4870
*admitted *pro hac vice*

NICHOLS KASTER, LLP
Bryan J. Schwartz, CA Bar No. 209903*
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
*admitted *pro hac vice*

Margaret Rowlett (NC State Bar No. 17579)
margaretrowlett@earthlink.net
SMITH, JAMES, ROWLETT &
COHEN, LLP
101 South Elm Street, Suite 310
P.O. Box 990
Greensboro, NC 27402-0990
Telephone: 336-274-2992
Facsimile: 336-274-8490


ATTORNEYS FOR NAMED PLAINTIFF
AND THE PUTATIVE CLASS

# CERTIFICATE OF SERVICE

Clark, et al. v. Wells Fargo Financial, Inc. et al.

I hereby certify that on September 29, 2008, I caused the following document(s):

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STAY DEADLINE FOR FILING CLASS CERTIFICATION MOTION**

to be served via email to the following:

Joan B. Tucker Fife,
Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802
jfife@winston.com

Jessie A. Kohler
Winston & Strawn LLP
333 South Grand Ave
Los Angeles, CA 90071-1543
jkohler@winston.com

Justin D. Howard
McGuire Woods, LLP
2600 Two Hanover SQ
Raleigh, NC 27601
jhoward@mcguirewoods.com

| | |
|---|---|
| Dated: September 29, 2008 | NICHOLS KASTER, LLP |

/s/
_____
Bryan J. Schwartz, CA Bar No. 209903*
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone: (415) 277-7235
Fax: (415) 277-7238
*admitted *pro hac vice*

ATTORNEYS FOR PLAINTIFF AND
THE PUTATIVE CLASS

11