UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SABRINA CLARK, on behalf of herself and a class of those similarly situated, ) ) ) ) Plaintiffs, ) v. ) ) ) WELLS FARGO FINANCIAL, INC., ) WELLS FARGO FINANCIAL ) NORTH CAROLINA, INC., ) d/b/a WELLS FARGO FINANCIAL ) and WELLS FARGO FINANCIAL ) ACCEPTANCE, and DOES 1-50, ) ) Defendants. ) | **MEMORANDUM OPINION AND RECOMMENDATION** 1:08CV343 |

This matter is before the court on a motion to dismiss Plaintiffs' collective action and class action claims or, alternatively, for summary adjudication by Defendants Wells Fargo Financial, Inc. and Wells Fargo Financial North Carolina, Inc. (collectively "Wells Fargo" or "Defendants") (docket no. 11), and on Plaintiffs' motion to stay the deadline for filing a motion for class certification (docket no. 19). The parties have responded in opposition to the respective motions, and the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge. The motions must, therefore, be dealt with by way of recommendation. For the following reasons, it will be recommended that the court deny Defendants' motion to dismiss and grant Plaintiffs' motion to stay.

**Background**

Plaintiff Sabrina Clark filed this purported class action on behalf of herself and others similarly situated, based on Wells Fargo's alleged failure to pay overtime to Plaintiffs in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 210 et seq.[1] Plaintiffs seek to have this court grant a motion for a conditional collective class action under section 216(b) of the FLSA. Plaintiffs also seek class action status pursuant to Rule 23(b) of the Federal Rules of Civil Procedure based on Wells Fargo's alleged violations of the North Carolina Wage and Hour Act, N.C. GEN. STAT. § 95-25.1 et seq.

Defendants have filed a motion to dismiss Plaintiffs' purported class action, contending that collateral estoppel requires this court to dismiss the collective action and class action claims. More specifically, Defendants contend that a federal district court in California has already denied certification in a collective action brought in that court and that court's ruling has preclusive effect here. *See Castle v. Wells Fargo Fin., Inc.*, No. 3:06-cv-4347, N.D. Cal., docket no. 240.

<u>The Proposed Conditional Certification of a FLSA Collective Action in the Northern District of California</u>

On July 17, 2006, Richard Castle, acting on behalf of himself and others similarly situated, filed in the Northern District of California a lawsuit against Wells

---

[1] The complaint also alleges violations of recordkeeping requirements under the FLSA.

Fargo in *Castle v. Wells Fargo Fin., Inc.* In that action, the *Castle* plaintiffs alleged, among other things, claims for unpaid overtime in violation of the FLSA. The plaintiffs brought their claims on behalf of a nationwide class of credit managers and assistant managers. The plaintiffs subsequently amended the putative class action to include senior credit managers and loan processors.

On October 3, 2007, the *Castle* plaintiffs filed a motion for conditional certification of a collective action under section 216(b) of the FLSA, seeking certification of a collective action of "[a]ll persons who are or have been employed by Defendant as a credit manager, senior credit manager, assistant manager, or loan processor within the United States at any time three years prior to the filing of this case, to the final disposition of this case."[2] *Castle v. Wells Fargo Fin., Inc.*, No. 3:06-cv-4347, N.D. Cal., docket no. 189. The nationwide collective class action included about 14,000 individuals. In support of the motion for conditional certification, the plaintiffs submitted declarations by the named plaintiffs and putative class members who worked in 28 of the 1000 branches nationwide and in 8 of the 48 states where Wells Fargo subsidiaries operate.

On February 20, 2008, the district court denied conditional certification of the *Castle* plaintiffs' proposed collective class, finding that "there were numerous

---

[2] The *Castle* plaintiffs had previously filed a motion for conditional certification of a collective action in January 2007, but the motion was denied without prejudice pending a stay in the case. (*See Castle v. Wells Fargo Fin., Inc.*, No. 3:06-cv-4347, N.D. Cal., docket nos. 68, 128.)

individual issues that make certification inappropriate." (Order Denying Plaintiffs' Motion for Conditional Certification under FLSA, docket no. 240.) The Court's Order expressly included "current and former employees of Wells Fargo who worked in four job categories: (1) credit manager; (2) senior credit manager; (3) assistant manager; and (4) loan processor." (*Id.* at 1:20-22.) The court ruled that the *Castle* plaintiffs could not maintain a collective action because they had "not identified a common policy or practice" to deny them overtime pay. (*See id.* at 3:9-11.) The court noted that the plaintiffs' proffered evidence "suggests differing 'policies' or practices depending on the branch or the district, rather than on a nationwide basis." (*Id.* at 5:26-17.) The court further found that the "[r]esolution of plaintiffs' claims would require individualized determinations." (*Id.* at 6:4-7.) Therefore, the court held that conditional certification of a collective class under section 216(b) of the FLSA was inappropriate.[3] (*See id.* at 5:17-18.)

After the *Castle* court denied certification of the proposed nationwide collective action under section 216(b) of the FLSA, counsel for the *Castle* plaintiffs filed numerous lawsuits in various parts of the country, with each lawsuit alleging FLSA violations specific to a particular geographical area and management chain. On

---

[3] After the court denied section 216(b) certification, the *Castle* plaintiffs filed an amended complaint dismissing their FLSA overtime claims and certain Rule 23 California law claims. (*Castle v. Wells Fargo Fin., Inc.*, No. 3:06-cv-4347, N.D. Cal., docket no. 266.) The amended complaint focused on alleged violations of the California labor laws regarding meal and rest periods. (*Id.*) On June 3, 2008, the *Castle* plaintiffs moved for class certification under Rule 23. (*Id.*, docket no. 269.) On August 4, 2008, the court denied Rule 23 class certification. (*Id.*, docket no. 286.)

May 22, 2008, Plaintiff Sabrina Clark, as the purported class representative, filed the Complaint in this case against Wells Fargo Financial, Inc. and Wells Fargo Financial North Carolina, Inc. In the Complaint, Plaintiffs allege a cause of action under the FLSA for unpaid overtime on behalf of the following collective class:

> all persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of North Carolina under the same first-, second-, and third-level managers, as the named Plaintiff at any time within three years prior to this action's filing date through the date of final disposition of this action.

(Compl. ¶ 2.) Plaintiffs also allege a cause of action under Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class:

> all similarly situated employees who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of North Carolina under the same first-, second-, and third-level managers, as the named Plaintiff at any time within two years prior to this action's filing date through the date of final disposition of this action.

(Compl. ¶ 3.)

Defendants contend that, by virtue of the *Castle* Order denying certification of a collective action under section 216(b) of the FLSA, Plaintiffs are now barred by collateral estoppel principles from seeking certification of the proposed section 216(b) collective action in this lawsuit or from seeking class certification under Rule 23. For the following reasons, I do not agree that collateral estoppel principles bar Plaintiffs in this lawsuit from seeking collective action certification under section 216(b) of the FLSA or Rule 23 class action certification.

**Discussion**

**Standard of Review**

In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

Generally, the court looks only to the complaint itself to ascertain the propriety of a motion to dismiss. *See George v. Kay*, 632 F.2d 1103, 1106 (4th Cir. 1980). A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *See Bolding v. Holshouser*, 575 F.2d 461, 464 (4th Cir. 1978). This duty of fair notice under Rule 8(a) requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to relief. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). As the Supreme Court has recently instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*

(internal quotations omitted). With these principles in mind, the court now turns to Defendants' motion to dismiss or, alternatively, for summary adjudication.[4]

**Collateral Estoppel**

Collateral estoppel, also known as issue preclusion, applies if the party seeking to enforce it proves the existence of the following elements: (1) the issue sought to be determined is identical to the one actually litigated in the earlier suit; (2) the issue was actually determined in the prior proceeding; (3) the issue was a critical and necessary part of the judgment in the prior proceeding; (4) the prior judgment is final and valid; and (5) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum (i.e., privity exists). *See Collins v. Pond Creek Mining Co.*, 468 F.3d 213, 217 (4th Cir. 2006). The party invoking estoppel has the burden of proving these elements. *Id.*

Before addressing Defendants' contentions regarding collateral estoppel, it is important first to clarify the two different types of class certification sought in this

---

[4] Affirmative defenses such as res judicata and collateral estoppel may properly be raised through a motion to dismiss under Rule 12(b)(6) if the affirmative defense appears on the face of the complaint, or in documents properly attached to the complaint of which the court may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000) ("Although an affirmative defense such as res judicata may be raised under Rule 12(b)(6) only if it clearly appears on the face of the complaint, when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact.") (internal quotations and citations omitted). This court takes judicial notice of the *Castle* proceedings referred to herein.

case. The FLSA allows an employee to bring a collective action on behalf of "similarly situated" employees for the employer's failure to pay overtime wages. 29 U.S.C. § 216(b). Here, Plaintiff Clark seeks permission from the court, on behalf of herself and others, to proceed as a "collective action" under 29 U.S.C. § 216(b) of the FLSA. Section 216(b) of the FLSA provides, in pertinent part:

> An action to recover [for FLSA violations] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and [o]n behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

Determining whether a collective action under section 216(b) is appropriate involves a two-step process. First, the court makes an initial determination, based on the pleadings and any affidavits submitted by the parties, whether the plaintiffs in the proposed collective action are similarly situated. *Stanfield v. First NLC Fin. Servs., LLC*, No. C 06-3892 SBA, 2006 WL 3190527, at *2 (N.D. Cal. Nov. 1, 2006). This first determination is made at the so-called "notice stage," and the standard is lenient. *Id.* At the first step, as the language of section 216(b) makes clear, the purported plaintiffs must "opt in" to join the class by giving written and filed consent. *Id.*

The second step of a collective action under section 216(b) occurs when discovery is complete. *Id.* The party opposing collective action certification may move to de-certify, and the court then determines the propriety and scope of the

-8-

collective action using a stricter standard, in which the court may consider (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations. *Id.*

In addition to seeking certification of a "collective action" under section 216(b) of the FLSA, Plaintiff Clark also seeks class certification under Rule 23 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 23. Fundamental differences exist between certification of a collective action under section 216(b) of the FLSA and class certification under Rule 23. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003) (explaining the two-step certification process for collective actions brought under FLSA and noting a "fundamental irreconcilable difference" between section 216(b) and Rule 23). One notable difference is that, unlike class actions governed by Rule 23, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt into the action. *See* 29 U.S.C. § 216(b); FED. R. CIV. P. 23(c)(2)(B).

In support of the motion for dismissal or, alternatively, for summary adjudication, Defendants contend that this court is barred by the doctrine of collateral estoppel from granting conditional certification of the proposed collective action brought under section 216(b) of the FLSA. Defendants contend, furthermore, that because certification pursuant to section 216(b) is easier to obtain than certification

under Rule 23, Plaintiffs are likewise barred from obtaining class certification under Rule 23. Defendants contend that the requirements of collateral estoppel have all been met. Defendants contend that, apart from the geographical modifications to the putative collective action in this lawsuit, the collective class allegations in *Castle* and the Complaint in this lawsuit are identical. Defendants note, for instance, that in *Castle*, the plaintiffs sought conditional certification and notice of their FLSA claim for a nationwide class of current and former Wells Fargo employees in four job positions: (1) credit manager; (2) senior credit manager; (3) assistant manager; and (4) loan processor. Defendants contend that this action alleges FLSA claims on behalf of Wells Fargo employees in the same four job positions as those alleged in *Castle*. Defendants further note that Plaintiff Clark previously consented to join the collective class in the *Castle* case on January 26, 2007–thirteen months before the *Castle* court's decision to deny conditional certification of an FLSA collective class. Defendants contend that because another court has already made the factual and legal determination that Plaintiff here and the putative class members are not similarly situated, Plaintiff is precluded from pursuing a collective action here. Finally, Defendants also contend that fairness requires the court in this case to deny certification. Defendants contend that failure to give preclusive effect in a case such as this will encourage forum shopping and will result in numerous and perhaps conflicting decisions on the merits of the overtime claims presented.

In response, Plaintiffs contend that the *Castle* court's order denying section 216(b) certification should not be given preclusive effect in this case. Plaintiffs contend that, here, Defendants have failed to satisfy each requirement of their burden to demonstrate issue preclusion. First, Plaintiffs contend that in *Castle* the parties never actually litigated the propriety of a management-chain specific, North Carolina-based collective action or Rule 23 class.[5] Plaintiffs contend that in *Castle* the only issue before the court was whether the plaintiffs' proposed *nationwide* FLSA collective action of around 14,000 individuals was similarly situated under 29 U.S.C. § 216(b). Therefore, the only finding necessary to ruling on the *Castle* plaintiffs' motion was the court's conclusion regarding the proposed *nationwide* class that the "plaintiffs have not identified any company-wide policy or practice to deny overtime and thus have failed to show that the various Wells Fargo employees are similarly situated for purposes of class certification."[6] (*Castle* Order, at 5.) Plaintiffs contend that it follows that the *Castle* court did not reach a final judgment on the merits as to

---

[5] Plaintiffs contend that *even if* the *Castle* court had made specific findings regarding the propriety of North Carolina-only, management-chain-specific FLSA collective action and Rule 23 classes, these holdings would have no preclusive effect, because the viability of such classes was not an issue "necessarily" before the court. *See Collins*, 468 F.3d at 217.

[6] Plaintiffs contend alternatively that because certification under section 216(b) is inherently *conditional* (i.e., not a final judgment) and because it is a procedural mechanism for the court's convenience (i.e., not a decision on the merits), the *Castle* court's conditional certification order is inherently inappropriate as a basis for issue preclusion. I agree with Defendants, however, that the decision by the district court in *Castle* denying certification of a collective action under section 216(b) of the FLSA is considered a "final judgment" for the purpose of applying collateral estoppel.

-11-

the propriety of a management-chain-specific, North Carolina-only FLSA collective action or Rule 23 class.

Plaintiffs further contend that Defendants have not shown that privity exists between the proposed class here and the purported class in *Castle*. Plaintiffs contend that privity is lacking because Plaintiff Sabrina Clark has never previously moved for Rule 23 certification against Wells Fargo Financial, nor has any court ever considered evidence relating specifically to Clark or her managers. Finally, Plaintiffs contend that policy considerations require the court to deny Defendants' motion to dismiss. According to Plaintiffs, judicial resources will be wasted if North Carolina putative class members under the same managers are required to bring dozens of separate cases regarding their overtime claims.

Defendants' motion to dismiss should be denied. I note that the Eastern District of California very recently held, in *Salgado v. Wells Fargo Fin., Inc.*, 2:08cv795-FCD-KJM (E.D. Cal. Oct. 3, 2008), that the *Castle* court's order did not preclude the plaintiffs from seeking conditional certification in a case where the proposed class is similar to the class here. In *Salgado*, the proposed plaintiffs were credit managers, senior credit managers, assistant managers, and/or loan processors in California. The plaintiffs alleged that they, along with the proposed class, were non-exempt employees covered under FLSA and California laws and were entitled to overtime pay consistent with those laws. The plaintiffs further alleged that they worked within a particular management chain and were subject to

-12-

a single set of policies, procedures, and/or practices with respect to the alleged overtime violations. The plaintiffs' proposed FLSA class consisted of:

> All persons who did not sign valid and binding arbitration agreements with Defendants, who are or have been employed by Defendants as a credit manager, senior credit manager, assistant manager, or loan processor in the State of California under the same first-, second-, and third-level managers as the named Plaintiffs, at anytime within three years prior to this action's filing date through the date of final disposition of this action.

(*Id.* ¶ 17.) The plaintiffs' proposed Rule 23 class was substantially similar to the FLSA class, with the exception of including persons employed in such positions in the four years before the filing date of the action. (*Id.* ¶ 23.)

Defendant Wells Fargo filed a motion to dismiss or, alternatively, for a summary adjudication, contending that the proposed conditional certification was barred by collateral estoppel under *Castle*. In an order dated October 3, 2008, the *Salgado* court denied Wells Fargo's motion to dismiss, finding that the *Castle* court's decision did not bar the plaintiffs, under collateral estoppel, from bringing their collective and class action claims. More specifically, the court observed:

> The court holds that the *Castle* court did not necessarily decide the issue of class certification as it applies to the action filed by plaintiffs in this case. The plaintiffs in *Castle* sought conditional certification of a nationwide class. At most, the *Castle* court commented upon the plaintiffs' failure to establish a statewide policy by the defendants. However, *certification of a statewide class was not actually before the Castle court or necessarily decided*. Moreover, the proposed class in this case is not defined as a statewide class, but rather includes only those employees in . . . California under the same first-, second-, and third-level managers as the named plaintiffs. Further, by proposing this more narrow class, plaintiffs may be seeking to conform to the *Castle* court's observation that "plaintiffs' evidence suggests differing 'policies'

or practices depending on the branch or the district." As such, the court concludes that the *Castle* court was not presented with the issue before the court in this litigation and thus, did not necessarily decide the merits of the proposed class alleged in plaintiffs' complaint.

The court also holds that the *Castle* court did not necessarily decide whether individualized determinations predominate in the proposed class alleged by plaintiffs in this litigation. The *Castle* court concluded that the individualized determinations necessitated by the nature of the plaintiffs' claims weighed against litigation of such claims as a class. However, this conclusion was based upon the variety of different circumstances and policies set forth in the plaintiffs' proffered declarations. While there may be some geographical overlap in the branches worked at by the plaintiffs in *Castle* and plaintiffs in this case, it is unclear from the allegations in the complaint and the materials submitted by counsel (1) whether any of the declarants in *Castle* are members of the proposed class in this case; (2) what the alleged policies giving rise to plaintiffs' claims in this case are; (3) whether these policies are common to all members o[f] plaintiffs' proposed class; or (4) whether these policies are the same as those analyzed in the *Castle* order. To the extent that the policies at issue implicate issues specifically weighed by the *Castle* court, such as the necessity of testimony from individual employees regarding the hours worked, testimony from supervisors regarding their knowledge of unpaid overtime work, or testimony regarding the circumstances surrounding alterations to time cards, the *Castle* court's opinion would be highly persuasive. However, based upon the evidence and argument before it, the court cannot conclude that the *Castle* court necessarily decided the issues in this action.

. . . .

Therefore, because Defendants have not met their burden of establish[ing] with clarity or certainty that the collective action and class action claims in this case were determined by the *Castle* Certification Order, the court cannot conclude that such claims are precluded under the doctrine of collateral estoppel.

*Salgado v. Wells Fargo Fin., Inc.*, No. 2:08cv795-FCD-KJM, Order, docket no. 28

(E.D. Cal. Oct. 3, 2008) (citations omitted) (emphasis added).

-14-

In addition to the court's decision in *Salgado*, two other federal district courts have recently denied similar motions to dismiss for the same reasons articulated in *Salgado*. *Accord Szittai v. Wells Fargo Fin., Inc.*, No. 5:08-cv-01379-JG, Order, p. 7, docket no. 40 (N.D. Ohio Oct. 20, 2008) (order denying Defendant Wells Fargo's motion to dismiss, holding that the conditional certification order in *Castle* did not preclude the plaintiffs' proposed class action, stating that "[t]he issue of the viability of a statewide class, and specifically an Ohio statewide class, was not actually litigated in *Castle*"); *Dizon v. Wells Fargo Fin., Inc.*, No. 2:08cv2435-PSG-PJW, Order, p. 3, docket no. 35 (C.D. Cal. Sept. 26, 2008) (stating that "the *Castle* Court's finding that the *Castle* plaintiffs were not "similarly situated" was made after analyzing a proposed *national* class rather than a proposed *California state* class of employees as alleged here") (emphasis in original).

For the same reasons articulated by the courts in *Salgado*, *Szittai,* and *Dizon*, this court should find that the *Castle* court's order does not bar, under the doctrine of collateral estoppel, Plaintiffs from seeking conditional certification of a collective action under section 216(b) of the FLSA in this case or from seeking class certification under Rule 23. That is, the *Castle* court's finding was made after considering conditional certification of a proposed nationwide collective action under section 216(b), whereas here the proposed class is specific to certain North Carolina employees under a specific management chain. The *Castle* court did not actually litigate, nor did it "necessarily" decide, whether a statewide collective action was

-15-

appropriate. For these reasons, the motion to dismiss or for summary adjudication based on collateral estoppel should be denied.

Plaintiffs' Motion to Stay Deadline for Filing Motion for Class Certification under Rule 23

The court next considers Plaintiffs' motion to stay the court's deadline for filing a motion for class certification under Rule 23. Plaintiffs seek an order from the court extending the deadline to bring a Rule 23 motion for class certification until after Wells Fargo files an Answer to the Complaint and until after Plaintiff has had three months to conduct basic discovery related to class certification issues.

Rule 23 of the Federal Rules of Civil Procedure states in part that "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." FED. R. CIV. P. 23(c)(1). Moreover, Local Rule 23.1(b) states that a plaintiff must move for class action certification "[w]ithin 90 days after the filing of a complaint in a class action, unless this period is extended by court order." Local Rule 23.1(b). In ruling on a motion for class certification, the court may allow the action to be so maintained, may disallow and strike the class action allegations, or may order postponement of the determination pending discovery or other preliminary procedures as appear to be appropriate and necessary under the circumstances. *Id.*; *see also Curtis v. Norfolk S. Ry. Co.*, 206 F.R.D. 548, 549 (M.D.N.C. 2002).

-16-

Plaintiffs filed the Complaint on May 22, 2008. Thus, under Local Rule 23.1(b), the deadline for Plaintiffs to file the Rule 23 motion for class certification was August 20, 2008. In the motion to stay filed on August 21, 2008, one day after the deadline to file the motion for class certification, Plaintiffs request that the court stay the deadline until after Wells Fargo files an Answer to the Complaint and until after Plaintiff has had three months to conduct basic discovery related to class certification issues, beginning the day after the parties' meet-and-confer date pursuant to FED. R. CIV. P. 26. Plaintiffs contend that they have had no opportunity to seek discovery relating to Defendants' policies, practices, and procedures specifically concerning overtime in the immediate geographic area and under the direct management chain where and for whom the purported class worked.[7]

In response to the motion for stay, Defendants contend that Plaintiffs have already had over one year to conduct discovery on the issues raised in this lawsuit while litigating the *Castle* action. More specifically, Defendants contend that Plaintiffs had over one year during the *Castle* litigation to conduct discovery related to Wells Fargo's policies, practices, and procedures with respect to overtime pay practices throughout the country, including practices in North Carolina. Defendants further contend that not only did Plaintiffs have the *opportunity* to discover information relating to Wells Fargo's policies, practices, and procedures at issue in

---

[7] Plaintiffs further state that they might seek to amend the complaint and that it would be most efficient to pursue the amendment before class certification.

-17-

this case, but Plaintiffs have actually already discovered that information. Defendants note that between the commencement of the *Castle* action and the filing of the motion for conditional certification in *Castle*, Plaintiffs' counsel deposed three corporate designees regarding topics directly relevant to this lawsuit, and Wells Fargo also produced hundreds of relevant documents, including payroll and policy documents. Defendants note that this production included the personnel file and time records for Sabrina Clark, the named class representative in this case. Defendants contend that Plaintiffs have, therefore, not shown good cause for a stay of the deadline to move for class certification under Local Rule 23.1(b).

In reply, Plaintiffs contend that Plaintiffs have neither deposed nor otherwise conducted discovery with respect to a single member of the immediate management chain or any of Plaintiff Clark's co-workers–to whom this case exclusively relates. Plaintiffs contend, therefore, that Defendants' objections to a stay of the 90-day class certification deadline are baseless.

The motion to stay should be granted.[8] I first note that, rather than requiring a plaintiff to show "good cause" to extend the 90-day deadline under this court's Local Rules as Defendants contend, the Local Rules appear to vest the court with

---

[8] As Plaintiffs note in their brief, the 90-day deadline for class certification under this court's Local Rule 23 does not apply to the motion for certification of a collective action under section 216(b) of the FLSA. Rather, it applies only to Plaintiffs' purported class action brought pursuant to Rule 23. *Accord Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1342 (N.D. Ga. 2007) (stating that "the plaintiffs correctly note that Rule 23 provisions do not apply to Section 216(b) collective actions").

-18-

significant discretion in determining whether to extend the 90-day deadline. Although Plaintiffs filed the motion to stay one day after the 90-day deadline had passed, Plaintiffs should have the opportunity to conduct discovery on the class-certification issue. As Plaintiffs note, the discovery in the *Castle* litigation was focused on nationwide policies. Because of the court's denial of conditional certification of a section 216(b) collective action on a nationwide basis in *Castle*, Plaintiffs are now attempting to narrow the issues to policies under particular management chains and particular geographic areas; therefore, I do not agree with Defendants that Plaintiffs have already had ample opportunity to conduct discovery on all class-related issues here. Plaintiffs, therefore, should be allowed to conduct limited discovery on class-related issues before being required to move for class certification under Rule 23. For simplicity's sake, however, rather than requiring the 90 days to run from the meet-and-confer date as Plaintiffs request, the 90 days should begin to run upon filing of the Rule 26(j) report, and the parties shall note as much in the report.

## Conclusion

**FOR THE FOREGOING REASONS**, it is recommended that Defendants' motion to dismiss or, alternatively, for summary adjudication (docket no. 11) be **DENIED**. Furthermore, it is **RECOMMENDED** that Plaintiffs' motion to extend the

deadline for seeking class certification (docket no. 19) be **GRANTED** in accordance with the terms of this Memorandum Opinion and Recommendation.

_____
WALLACE W. DIXON
United States Magistrate Judge

October 30, 2008